**CITY OF CLEVELAND**

v.

**BRANCH.**

Cleveland Municipal Court, Ohio.

No. 2000 CRB 038119.

Decided Oct. 26, 2000.

*Edward T. Buelow,* Assistant City Prosecutor, for the city of Cleveland.

*Kenneth J. Rexford,* of the Legal Aid Society of Cleveland, for defendant.

MABEL M. JASPER, Judge.

The defendant, Norwood Branch, is charged with a violation of Section 607.19 of the Codified Ordinances of the city of Cleveland ("C.C.O. 607.19"), commonly called "drug-related activities prohibited." That section prohibits five categories of specified conduct when done with *specific intent* to engage in drug-related activity as defined in specified Ohio or municipal drug laws. The defendant has filed a motion to dismiss the charge of drug-related activity.

As defendant's motion is in substance a facial challenge to the ordinance, no specific facts were presented to this court for consideration other than the mere fact of the charge being brought under this section.

The defendant maintains that C.C.O. 607.19 is facially unconstitutional for five separate reasons:

1. C.C.O. 607.19 is unconstitutionally vague.

2. C.C.O. 607.19 is unconstitutionally overbroad.

3. C.C.O. 607.19 violates procedural due process.

4. C.C.O. 607.19 violates substantive due process.

5. C.C.O. 607.19 violates the confrontation clause.

This court feels that the use and effect of this ordinance is troubling. Defendant persuasively argues that nearly all the people who have been charged with a violation of C.C.O. 607.19 were young adult males who were either African–American or Hispanic, suggesting possible racial profiling. Defendant persuasively argues that nearly all charges brought under this section have involved investigations that yielded little to no actual physical or testimonial evidence of any criminal conduct, let alone drug-related criminal conduct, suggesting that this ordinance is a means to avoid the need for proof in a criminal case. Nevertheless, the personal feelings of an individual who is empowered by judicial office are irrelevant to the determination of whether a law is constitutionally sound or constitutionally unsound.

However, defendant has raised compelling legal arguments as well, which support a finding by this court that Section 607.19 of the Codified Ordinances of the City of Cleveland does suffer from constitutional infirmities.

Most compelling is defendant's argument that C.C.O. 607.19 is unconstitutionally overbroad. This section prohibits several acts that would clearly meet

the definition of protected First Amendment conduct. Subsections (b)(1) and (b)(2) clearly include speech and association activities within the prohibited conduct.[1]

The Ohio Supreme Court, in *Akron v. Rowland* (1993), 67 Ohio St.3d 374, 618 N.E.2d 138, *citing Houston v. Hill* (1987), 482 U.S. 451, 107 S.Ct. 2502, 96 L.Ed.2d 398, and *Grayned v. Rockford* (1972), 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222, and the Eighth District Court of Appeals in *Cleveland v. Stephens* (1994), 93 Ohio App.3d 827, 639 N.E.2d 1258, citing *Rowland,* each analyzed ordinances nearly identical to the one at issue herein. Both decisions clearly established that any criminal statute or ordinance which " 'sweeps within its prohibitions what may [be protected] under the First and Fourteenth Amendments,' " *Rowland,* 67 Ohio St.3d at 387, 618 N.E.2d at 148, quoting *Grayned,* 408 U.S. at 115, 92 S.Ct. at 2302, 33 L.Ed.2d at 231, is unconstitutionally overbroad, "even if [it] also [has] legitimate application." *Rowland,* at 387, 618 N.E.2d at 149, quoting *Hill,* 482 U.S. at 459, 107 S.Ct. at 2508, 96 L.Ed.2d at 410.

This ordinance causes the same prohibited result that proved to be fatal in the cases cited above. It is not narrowly tailored to exclude protected conduct. Therefore, C.C.O. 607.19 is unconstitutional for being overbroad. The "specific intent" element does not save the ordinance, as suggested by the city. The overbreadth doctrine prohibits the government from making First Amendment conduct illegal, regardless of the intent of the accused, be it specific or general. The Supreme Court in *Rowland* held that the hypothetical inclusion of a specific intent element into Akron's related ordinance was deemed to be irrelevant to the overbreadth analysis. *Id.,* 67 Ohio St.3d at 379–380, 618 N.E.2d at 143–144.

Accordingly, defendant's overbreadth challenge is appropriate and proper.

█ In addition to the overbreadth challenge, defendant's argument that C.C.O. 607.19 violates the right of an accused to procedural due process is equally

---

**1.** C.C.O. 607.19(b) provides:

"(b) Offense. No person shall engage in the following conduct in, or about any street, in or about any place open to the public, or in or about any public or private place with the specific intent to engage in drug-related activity contrary to any of the provisions of R.C. Chapters 2925 or 4729 or Chapter 607 of these Codified Ordinances:

"(1) to repeatedly stop, beckon to, attempt to stop, or engage passersby in conversation; or

"(2) to repeatedly stop, beckon to, or attempt to stop motor vehicles by hailing, waving arms or making other bodily gestures; or

"(3) to act as a look-out; or

"(4) to transfer small objects or packages for currency or any other thing of value in a furtive fashion which would lead an observer to believe or ascertain that a drug sale has or is about to occur; or

"(5) to carry small objects or packages in one's mouth and to transfer such objects or packages to another person for currency or any other thing of value, or to swallow or attempt to swallow the objects or packages if approached by a law enforcement officer."

compelling. It is axiomatic that the accused is afforded the right to proof beyond a reasonable doubt before he can be found guilty of a crime and sent to jail. This is perhaps the most important right embodied in the right to procedural due process. It is also clear that the specified conduct listed in subsection (b) of this ordinance is lawful if done without the "specific intent" to engage in drug-related activities. Hence, it seems to follow that the core of this ordinance which makes the conduct unlawful is the bad intent of the actor.

However, the bad intent of the actor need not be proven by the prosecution. Instead, subsection (c)[2] creates a prima facie case for the prosecution if a police officer merely testifies that he saw subsection (b) conduct occur, and subsections (d) and (e)[3] create a rebuttable presumption against the accused if a police officer requests that he desist and the accused is a member of a certain class or has certain characteristics.

The right to proof beyond a reasonable doubt is denied to an accused when he has the burden to prove his innocence. The gravity of this denial of procedural due process is highlighted by the fact that the conduct that gives rise to the prima facie case is often protected First Amendment conduct and by the fact that the rebuttable presumption is established by a person's "status, friends, neighbor-

---

**2.** C.C.O. 607.19(c) provides:

"(c) Prima Facie Case. A prima facie case may be established by a law enforcement officer's observations of the offender's behavior. The seizure or recovery of illegal drugs shall not be a prerequisite to establishing a prima facie case."

**3.** C.C.O. 607.19(d) and (e) provide:

"(d) Rebuttable Presumption. A person shall be rebuttably presumed to have the specific intent to engage in drug-related activity contrary to any of the provisions of R.C. Chapters 2925 or 4729 or Chapter 607 of these Codified Ordinances if the person persists in one or more of the behaviors described in division (b) after a law enforcement officer gives the person reasonable warning to desist, and the person:

"(1) is a known unlawful drug user, possessor or seller as defined in division (c) of this section; or

"(2) displays the physical characteristics of drug intoxication or usage, including dilated pupils, glassy eyes, slurred speech, loss of coordination or motor skills, or needle tracks; or

"(3) is identified by a law enforcement officer as a member of a gang or association which has as its principal purpose illegal drug activity.

"(e) Definition. For purposes of this section, a 'known unlawful drug user, possessor or seller' means a person who, within the knowledge of the arresting officer, either:

"(1) has been convicted in any court within this state, within five (5) years prior to the date of the arrest, of any violation involving the use, possession or sale of any of the substances referred to in R.C. Chapters 2925 or 4739, or Chapter 607 of the Codified Ordinances of Cleveland, Ohio, 1976, or any substantially similar laws of any political subdivision of the state, or

"(2) has been charged two or more times, within one (1) year prior to the date of the arrest, for a violation involving the use, possession or sale of any of the substances referred to in R.C. Chapters 2925 and 4729 or Chapter 607 of the Codified Ordinances of Cleveland, Ohio, 1976, or any substantially similar laws of any political subdivision of the state."

hood, appearance or innocent behavior." *Rowland,* at 388–389, 618 N.E.2d at 150.

As this court can easily conclude that C.C.O. 607.19 is unconstitutional because of these two arguments, this court will refrain from further analysis under the remaining arguments proposed by the defendant, other than to agree that the defendant has proven his case in each respect. Specifically, this ordinance does deprive citizens of substantive due process rights, is unconstitutionally vague, and does deprive the accused of an effective confrontation of his accusers.

Therefore, based upon this court's foregoing analysis, we find that the defendant's contention is with merit.

Defendant's motion to dismiss is well taken and is, therefore, granted.

*So ordered.*